Statement of the Case.
MONROE, J.
Plaintiff appeals from a judgment maintaining an exception of no cause of action and dismissing his suit as to James C. Stewart & Co. He alleges that James C. Stewart & Co. and the Otis Elevator Company are indebted to him, in solido, for this, to wit:
“That * * * while in the employ of James C. Stewart & Co., and working under the instruction, direction, and observation of the foreman for said James C. Stewart & Co., he was injured under the following circumstances: * * * That said James O. Stewart & Co. are building contractors, and are at present engaged in erecting the building known as the ‘Maison *207 Blanche,’ * * * and that the Otis Elevator Company are contractors engaged in putting elevators in said building. Your petitioner, under orders from the foreman of said James O. Stewart & Co., was engaged in scraping and cleaning cement and mortar from the window, opening in the brick wall forming part of the elevator shaft in said building, in order to put in the window casing. * * * That while thus engaged, and obeying the instructions of the agent of James C. Stewart & Co., the elevator, the property of the Otis Elevator Company, without warning' or notice, and unknown to your petitioner, was caused to ascend, by agents and employés of the Otis Elevator Company, with the result that the large, heavy iron weight, used as a balance on said elevator, descended, striking your petitioner’s left leg, causing a compound fracture, and also badly lacerating and bruising his right thigh. That as a result of said injuries your petitioner has suffered, and still suffers, great bodily and mental pain and agony. That he was confined to his bed. * * * That the injuries received by him were caused and occasioned solely and entirely by the fault, omission, lack of skill, carelessness, and gross negligence of James C. Stewart & Co. and the Otis Elevator Company, their officers, agents, and employes. That it was gross negligence, carelessness, and omission of duty by James C. Stewart & Co. to place your petitioner in so dangerous a position to work, without warning him of the peril. That the danger was not open, or apparent, or known to your petitioner. That it was gross carelessness on the part of the said James C. Stewart & Co., its agents and employés, to have placed your petitioner in such a dangerous position without warning the employés of the Otis Elevator Company of the fact, and that it was negligence and carelessness on the part of the agents and employés of James C. Stewart & Co. to allow said elevator to run while your petitioner occupied the dangerous position to which he had been ordered. That it was gross negligence and carelessness on the part of the Otis Elevator Company, its officers, agents, and employés, to have attempted to run the elevator without making sure that the elevator shaft was clear, and that no workmen were in danger of being hurt by reason of said operation. That the careless, negligent, and unskillful manner of running the said elevator was the cause of petitioner’s hurt and damage. Had the elevator been run in a careful and prudent manner, the accident would have been averted.”
Opinion.
Carefully considering these allegations, we deduce from them that the place where plaintiff was put to work by James C. Stewart & Co. was safe enough, but for the acts of the Otis Elevator Company, over which it does not appear that James C. Stewart & Co. had any control. Nor does it appear that James C. Stewart & Co. knew, or was in any better position than plaintiff to know, that the Otis Elevator Company would act as it did.
The judgment appealed from was therefore correct, and is affirmed.